By the Court.
Bosworth, Ch. J.
—The recital of one deed in another is evidence of the execution of the recited deed against the party who executed the reciting deed, and those claiming under him by title subsequent to the date of the latter deed. (3 Cow., and Hill’s Notes, p. 1235, note 869.)
But these recitals are not evidence against strangers, id.
As a general rule, a recital is evidence, against a defendant, only in those cases, in which, the declarations of the party, who executed the reciting deed, would be competent. (Id., p. 1236.)
Declarations, of Pfeiffer & Bolzmann made in April, 1857, are no evidence as against the defendant in an action commenced in May, 1856, when such declarations are to the effect that, before the action was commenced they authorized a transfer of the cause of action to the plaintiff, and the plaintiff’s right to recover depends upon the question whether they did authorize such transfer to be made; before suit brought.
That Karck was authorized to make the assignment under which the plaintiff claims, is a fact necessary to be proved, in order to maintain the plaintiff’s action: That fact is put in issue by the pleadings: The confession, of Pfeiffer & Bolzmann, made after issue joined, that Karck was authorized to make the assignment, would not be competent evidence, as against the defendant of that fact.
*583 The declarations of a party, under whom a plaintiff or defendant claims title, made while such party owned and was in possession of the subject matter of the litigation may [in some cases] be evidence against such plaintiff or defendant, if he claim under a title derived from such party after such declarations were made. 1 Cow., Hill, and Edwards’ Notes, p. 318, (3.) But they are not evidence in favor of a person claiming under such party against a person who does not claim under him. (2 Cow. and Hill’s Notes, p. 669.)
The admission of the paper executed by Pfeiffer & Bolzmann on the 21st of April, 1857, as sufficient evidence that they executed on the 23d of April, 1856, the power of attorney recited in it, is erroneous, because, first, it was made after suit brought, and, second, because the defendant is a stranger to that transaction, and to the assignment alleged to have been executed by virtue of such power of attorney. Those transactions are res inter alios acta. As to them, there is no privity between Pfeiffer & Bolzmann and the defendant. He is not defending on the ground of any right, derived from them, either prior or subsequent to either of those dates.
If the plaintiff claimed under an assignment alleged to have been executed to him by Pfeiffer & Bolzmann, in person, and the fact of such assignment was put in issue, the plaintiff could not establish the fact, by proof of admissions made, after suit brought, by the alleged assignors, that they had executed such assignment.
There is no more propriety in admitting their declarations or confessions, as evidence of the fact declared or confessed, than in admitting the declarations of any third person, as evidence of the fact thereby asserted.
We think the learned Judge erred in holding that the paper called a “ Ratification of an Assignment in Trust ” proved sufficiently the fact that Pfeiffer & Bolzmann executed the power of attorney which was produced and received in evidence.
This conclusion makes the granting of a new trial unavoidable, and renders it unnecesary to decide the question whether the power of attorney, (if its execution shall be proved on a subsequent trial,) authorized Karck to assign the claim in question so as to vest such a title to it in his assignee, as would enable the latter to sue and collect it in his own name.
*584 The latter question was discussed on the argument of the appeal. To avoid such inferences, as to our opinion upon this question, as might be drawn from our leaving it unnoticed, we deem it proper to say that the power of attorney does not, in terms, authorize an assignment of the claim in any event, for any purpose.
However general the language employed to express the authority conferred, in case “ the bills should not be accepted,” the power of attorney declares that the things, which it authorizes to be done, are to be done, “ to enforce ” the “ claim, to amount of $7,602, against the said Loescher;” or are to be done “in order to collect, the sum of $7,602, or so much thereof as may be possible, from the said Loescher.”
The language, by which the authority conferred, is expressed, however comprehensive, imports that the discretion confided and power granted, are to be exercised and employed by Karck, to collect, as the agent of his principals, the $7,602.
It can hardly be inferred that, it formed any part of the purpose of Pfeiffer & Bolzmann, that Karck should be at liberty to assign the claim for $7,602, to a third person, so as to place the proceedings which they might deem it expedient to institute, or which might be instituted under the said power of attorney, beyond their control. Yet this has been done, if the assignment which has been made, is as effective as it would be, if it had been executed by Pfeiffer & Bolzmann, in person.
We incline, strongly, to the opinion, that the power of attorney, assuming its execution to be proved, did not authorize Karck to make the assignment in question.
It is hardly necessary to say that, if the plaintiff, by force of the power of attorney and of the assignment, had no right of action, or in other words, did not own the cause of action, (against the defendant,) which is stated in the complaint, when this suit was commenced; Pfeiffer & Bolzmann, could not, by any acts they could do, after issue joined, vest a title in the plaintiff, as of a date prior to that on which this suit was commenced, with such effect as to enable him, thereby, to maintain the suit.
A plaintiff, who has no cause of action against a defendant when he sues him, cannot maintain his action and recover, by *585 purchasing, after issue joined, the cause of action described in his complaint.
A new trial must be granted, with costs to abide the event. Judgment accordingly.